IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUBER HEIGHTS VETERANS CLUB , INC.
4214 Powell Rd.
Huber Heights, Ohio 45424

   Plaintiff           3:23-CV-121
             CASE NO. _____
 Vs

VFW POST 9966          Michael J. Newman
10750 Musselman Rd.        Caroline H. Gentry
New Carlisle, Ohio 45344

AMVETS POST 148
11495 Lower Valley Pike
Medway, Ohio 45341

FRANCIS WEBB
527 Glenn Ave.
New Carlisle, Ohio 45344

FRANK W. KRONEN
6903 Chapel Lane
North Ridgeville, Ohio 44039

KEVIN A. BOWMAN
130 West Second St.-Suite 900
Dayton, Ohio 45402

GRANDE VOITURE D'OHIO LA SOCIETE
DES 40 HOMMES ET 8 CHEVAUX
1502 U. S. Highway 52
New Richmond, Ohio 45157-0495

   Defendants

COMPLAINT FOR RECOVERY OF PROPERTY AND DAMAGES
AND FOR DECLARATORY AND INJUNCTIVE RELIEF

JURY DEMAND IS ANNEXED

1

FIRST CLAIM

1. Jurisdiction of this court in this matter is established by 28 U.S.C 1331 which provides that the district courts shall have jurisdiction in cases under the constitution and laws of the United States. The constitutional provisions and law involved are the Fifth, Seventeenth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. 1982, 42 U.S.C 1983, 42 U.S.C 1981 and 42 U.S.C. 1985 of the U.S. Code, which generally provide for civil and property rights, due process of law, and equal protection of the law and provide for a civil action for violation those rights.

2. Plaintiff is a non profit corporation formed and organized under the laws of the State of Ohio. Plaintiff was formerly known as Montgomery County Voiture No. 34 La Societte des 40 Hommes et 8 Chevaux. Plaintiff changed its name to Huber Heights Veterans Club, Inc. on June 18, 2019. Plaintiff is the owner of the real property and chattels, fixtures and personal property located at and known as 4214 Powell Rd., in Huber Heights, Montgomery County, Ohio.

3. Defendants VFW Post 9966 (VFW), AMVETS Post 148 (AMVETS), Francis Webb (F. Webb) and Frank W. Kronen (Kronen) are separate organizations and individuals. Defendant Grande Voiture D'Ohio La Societe des 40 Hommes et 8 Chevaux (Grande Ohiio) is the state level organization of the 40 & 8 organization. Defendant Kevin A. Bowman (Bowman) is an attorney at law employed by the said Defendants VFW, AMVETS, F. Webb, Kronen and Grande Ohio as their representative.

2

4. On April 30, 2019 Defendant Kronen, with the aid and assistance of other collaborators, unlawfully and without any authority right or legal process, by force and intimidation, took possession and control of the Plaintiff's real property, chattels, fixtures and personal property located at 4214 Powell Rd., Huber Heights, Ohio. Since that date Defendants have jointly, by force, threats and intimidation prevented Plaintiff's officers and members from entering upon or using the said real property, chattels, fixtures and personal property. Defendants VFW, AMVETS, F. Webb, Kronen, Grande Ohio and Bowman participated, aided and abetted the unlawful seizure of Plaintiff's property, have participated aided and abetted the unlawful and fraudulent attempts to sell Plaintiff's real property and have participated, aided and abetted the unlawful, removal, transfer and purported sale of Plaintiff's chattels, fixtures and personal property on various dates after April 30, 2019. Plaintiff has demanded that the Defendants return to Plaintiff the items of chattels, fixtures and personal property and has demanded that the Defendants return possession and control of Plaintiff's real property to Plaintiff but Defendants have refused to do so.

5. Defendants actions are acts of theft as defined and prohibited by state law (ORC 2913.02) and constitute the unlawful taking of property without due process of law in violation of the Fifth Amendment to the U.S. Constitution, the Fourteenth Amendment (Section 1) to the U. S. Constitution and Sections 42 USC 1982; 42 USC 1983; 42 USC 1981(a) & (c) and 42 USC 1985(3) of the U.S. Code.

6. Plaintiff makes no representation that the Defendants herein constitute all of the collaborators, conspirators or joint tortfeasors in these matters. Plaintiff

3

reserves the right to proceed against any other person, conspirator or joint tort feasor for any matter for which he, she or it may be responsible.

7. Plaintiff therefore demands that it be granted judgment against the Defendants, jointly and severally, granting Plaintiff judgment for restitution and sole possession and control of the aforesaid real property; granting Plaintiff judgment for payment of the replacement value, multiplied by three times, of those items of personal property which can be replaced'; granting Plaintiff judgment for such amount as may be necessary to compensate Plaintiff for the loss of those items which are irreplaceable and have no replacement value but have antique, historical or sentimental value; granting Plaintiff judgment for compensation for the loss of use of Plaintiff's real and personal property ; and granting Plaintiff judgment for compensation for the loss of revenue, past, present and future. As provided by statute the Plaintiff claim the amount of three times the replacement value of the property taken.;

## SECOND CLAIM

8. Plaintiff hereby adopts and incorporates herein all of the allegations, statements and claims set forth in the First Claim as if fully set forth herein.

9. In an action brought by Plaintiff against the Defendants VFW, AMVETS, F.Webb and Kronen to recover its property and obtain damages said Defendants and their counsel, Defendant Bowman, injected matters concerning the Defendant, Grande Ohio who was not made a party but was claimed to be a principal of the Defendants. Defendants presented claims of res judicata with regard to Grande

4

Ohio matters without presenting any evidence of any prior final adjudication on the merits of any case. Defendants also presented claims that Plaintiff and Plaintiff's counsel are vexatious litigators but failed to produce any evidence of any frivolous or vexatious litigation, past or present. Such claims were made under color of the state statute (ORC 2323.52) concerning vexatious litigators, but failed to meet the requirements of that statute and were made for the purpose of hindering and deterring Plaintiff from pursuing its complaints against Defendants.

     10. In a separate action involving different parties and different issues the Defendant Bowman improperly, and without presenting any evidence of vexatious conduct in any proceeding, obtained approval of an order whereby Plaintiff was determined to be a vexatious litigator. Defendant Bowman presented notice of the existence of the vexatious litigator order in the action brought by Plaintiff against Defendants VFW, AMVETS, F. Webb and Kronen. Bowman obtained a dismissal of the action against Defendants, based solely upon the existence of the vexatious litigator order in the separate action without presentation of any evidence of vexatious conduct and without any determination of the merits of Plaintiff's claims against the the Defendants. Plaintiff says that enforcement of the vexatious litigation statute (ORC 2323.52) and enforcement of the vexatious litigator order obtained by Defendants counsel is prohibited by Section One of the Fourteenth Amendment to the U.S. Constitution which provides that no State may make or enforce any law which abridges the privileges and immunities of any person. Plaintiff has been denied its right to proceed against Defendants to remedy the harm caused to Plaintiff by Defendants. The court's order of dismissal is an

5

unconstitutional denial of due process and the Defendants and their counsel, being the instigators and solicitors of the order, are liable for same as the principal offenders. Plaintiff is entitled to recover damages from Defendants and their counsel on account of their intentional acts of fraud, hindrence and delay. .

11. Plaintiff therefore repeats its demands as set forth in Paragraph No. 7 of this complaint and In addition Plaintiff demands that it be granted judgment against Defendants, (including their counsel Bowman), jointly and severally, for punitive damages and attorney's fees and expenses on account of their malice and intent to harm, injure and delay.

THIRD CLAIM

12. Plaintiff hereby adopts and incorporates herein all of the allegations, statements and claims set forth in the First Claim and the Second Claim as if fully set forth herein.

13. The Defendants included the matter of the aforementioned action by Plaintiff against VFW, AMVETS, F. Webb and Kronen as part of the basis for the alleged contempt proceedings against Plaintiff and its counsel, Simpson. Although the proceedings have the purpose of depriving Plaintiff of its property, denying Plaintiff's right of access to the courts to obtain recovery of its property and damages, denying Plaintiff due process and equal protection of law and terminating its rights, privileges and existence as a corporation.

14. On May 26, 2022 Bowman, acting in the name of Grande Ohio, filed a post-judgment complaint in Montgomery County Common Pleas Court No. 2018 CV

6

1457 entitled "Supplemental Motion For Contempt Against Defendant Charles Simpson". The complaint (called a motion) purports to enforce an injunction against participation in membership activities of the 40 & 8 organization  It alleges that violation of the injunction occurred by virtue of actions s filed by the the defendant corporation therein (Plaintiff) thru Simpson as its counsel, including the action vs VFW, AMVETS,  F. Webb and Kronen, which  were actions attempting to recover the property stolen from the Plaintiff.   In the course of proceedings on the said complaint/motion the court, at the instance of Bowman and Grande Ohio, ordered stricken from the pleadings  the Answer and Counterclaim and Jury Demand filed by Plaintiff and its counsel, Simpson.   The court, despite multiple objections, proceeded to trial without a jury, refused to consider the answer,  evidence and defenses presented by Simpson and Plaintiff and, on December 7, 2022,  entered an order of contempt against Simpson  which exceeds and violates the jurisdiction and authority of the court in several respects. **(1)** The court lacked jurisdiction to proceed in contempt by way of the complaint/motion in this matter.   The complaint/motion filed by Grande Ohio and Bowman is not a citation in contempt but is simply a complaint by individuals.   The complaint/motion is post-judgment, there is nothing alleged to have been  done in the presence of the court, and there is no compliance with the statutory requirement for enforcing an injunction.  It does not confer on the court any jurisdiction to proceed in contempt.   **(2)** The court violated and exceeded its authority by denying Simpson and Plaintiff their right to trial by jury.   The right to trial by jury is guaranteed by the Seventh and Fourteenth Amendments of the U.S. Constitution and by Article I, Section 5 of the Ohio

7

Constitution and was properly requested and not waived.  **(3)** The court exceeded its authority by denying Simpson and Plaintiff their right to to present and prosecute an Answer and Counterclaim.  The right to to do so is guaranteed as a matter of due process and equal protection of the law,  by the U.S. Constitution and the Ohio Constitution.  The Answer and Counterclaim were  timely presented and were not waived.   The court has no authority to deny Plaintiff and Simpson their right to answer and counterclaim.   **(4)** The court exceeded its authority by ordering the payment of a sanction to Grande Ohio for the alleged violation of an injunction.  Payment of a sanction (fine) is limited by law (ORC 2727.12)  as to in amount and is payable to the county and not to the individual complainant.  **(5)**  The court exceeded its authority for the award of attorneys fees by disregarding Simpson's and Plaintiff's request for attorney's fees and costs and allowing Grande Ohio's and Bowman's request wiithout scheduling and conducting the hearing required by law. It is specifically provided by statute (ORC 2323.51) that attorneys fees may be awarded only if a hearing is held to determine the question of frivolous conduct and the amount to be awarded.  **(6)** The court exceeded its authority by making determinations as to the rights, status and existence of the Plaintiff as a corporation. These are matters of "Quo Warranto" and are limited by law(ORC 2733.03) and the Ohio Constitution to the Court of Appeals and the Supreme Court.  The common pleas court has no jurisdiction or authority in quo warranto matters.  **(7)** The matters of quo warranto were improperly used by the court to modify and alter the permanent injunction contained in the final judgment order of April 28, 2019.  The modification and change of the injunction is a  matter which exceeds the jurisdiction

and authorityof the of the court. The courts lack of jurisidiction and authority in these matter renders the Decision and order of December 7, 2022 null and void ab initio and the parties, Grande Ohio and Bowman and the other Defendants may take nothing on account of it. The Defendants must hold the Plaintiff and Simpson harmless from any payment or liability on account of said order of Dec. 7, 2022.

15. In the proceedings on the complaint/motion Bowman and Grande Ohio invoked and referred to the prior post judgment contempt proceeding in case No. 2028 CV 1457 as is set forth in orders of March 4, 2020 and June 29, 2020. In that matter the court likewise exceeded its jurisdiction and authority. **(1)** The court extensively made findings in quo warranto in order to deny the legal status, existence and rights of the defendant corporation (Plaintiff). The identity of the corporation was disregarded and its actions as a corporation were ascribed to Simpson personally and described as contempt. **(2)** The content of the permanent injunction contained in the final judgment order of April 28, 2019 was altered to establish a claim of contempt by Simpson in furnishing legal services to the corporation. **(3)** The court exceeded its authority under ORC 2727.12 by ordering the payment of a fine in the form of attorneys fees. The payment of a fine is limited by law (ORC 2727.12) as to amount and is payable to the county and not to the individual complainant. These actions exceeded the jurisdiction and authority of the Court and render the the judgment orders of March 4, 2020 and June 29, 2020 null and void ab initio. The complainant, Grand Ohio, and its attorney, Bowman, being the instigators and solicitors are liable as principal parties and are not entitled to take any thing on account of that judgment. The defendant corporation (Plaintiff)

9

and its counsel, Simpson) are entitled to recover from Grande Ohio and Bowman the amount paid to satisfy said judgment, namely $41, 856.00.

## PLAINTIFF'S DEMANDS

16. Defendants are liable jointly and severally for the injury, loss and harm caused to Plaintiff. They have participated, aided and abetted the unlawful seizure and theft of Plaintiff's property and are liable to Plaintiff for the loss and injury caused to Plaintiff. They have solicited and procured unlawful orders and are liable for them to the Plaintiff as principal offenders.

17. Defendants have engaged in multiple and persistent acts of identity theft and have made multiple attacks on Plaintiff's counsel for the purpose of injuring Plaintiff and depriving Plaintiff of its property and legal rights and liberty.

18. By reason of Plaintiff's legal obligation to indemnify and hold harmless its attorney and agent, Simpson, from harm and injury caused by Defendants, the Plaintiff is entitled to recover from Defendants the amount of illegal penalties assessed against Plaintiffs counsel and an amount for personal injury and harm caused to counsel. Plaintiff is also entitled to recover from Defendants the amounts due to Plaintiff's counsel for attorneys fees, costs advanced and expenses incurred on account of Defendants' conduct.

19. Plaintiff is also entitled to declaratory and injunctive relief to protect Plaintiff from further injury and harm by Defendants.

**WHEREFORE,** , Plaintiff demands the following :

(1) That an order be entered granting Plaintiff restitution and sole possession and control of the real property at 4214 Powell Rd., Huber Heights, Ohio.

(2) That the replacement value of the chattels, fixtures, attachments and personal property removed from the said real property be determined, multiplied by three times and included in the judgment against Defendants.

(3) That the amount that would adequately compensate Plaintiff for the loss of irreplaceable items which have no replacement value but have historical, antique or sentimental value be determined and included in the judgment against Defendants

(4) That a fair amount for loss of use and loss of revenue, past present and future be determined and included in the judgment against Defendants.

(5) That a fair amount for attorneys fees, costs and expenses incurred by Plaintiff be determined and included in the judgment against Defendants

(6) That the amounts due to Plaintiff from Defendants for punitive damages be determined and included in the judgment against Defendants.

(7) That the amount due to Plaintiff from Defendants as statutory damages for identity theft and fraud be determined and included in the judgment against Defendants.

(8) That the orders of March 4, 2020 and June 29, 2020 in Case No. 2018 CV 1457 be declared null and void and Grande Ohio and Bowman be ordered to return and pay to Plaintiff the sum of $41, 856.00.

(9) That the Decision, Order and Entry of March 7, 2023 in case No. 2018 CV 1457 be declared null and void and the Defendants herein be ordered to hold

11

Simpson and Plaintiff harmless from any claim, demand or other activity on account of said Decision, Order and Entry.

(10) That a preliminary and permanent injunction be issued restraining Defendants from (1) any use of Plaintiff's current name or prior name or any other identifying factor of Plaintiff ; (2) any interference, derogation, or interruption of the rights and privileges granted to Plaintiff by the corporation laws of the State of Ohio, and (3) from entering upon, attempting to sell or making any use of Plaintiff's real property at 4214 Powell Rd., Huber Heights, Ohio, or in any way derogating, obstructing, hindering or affecting Plaintiffs title, possession, occupancy and use thereof.

Respectfully submitted

/s/ Charles J. Simpson
_____
Charles J. Simpson (0007339)
Attorney for Plaintiff
157 Lammes Lane
New Carlisle, Ohio 45344
Tel. No. 937-845-8274
E-mail  cjslpa@aol.com

JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

/s/ Charles J. Simpson
_____
Charles J. Simpson

Attorney for Plaintiff

13