UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HUBER HEIGHTS VETERANS
CLUB, INC.,

    Plaintiff,                                           Case No. 3:23-cv-121

vs.

VFW POST 9966, *et al.*,                      District Judge Michael J. Newman
                                                             Magistrate Judge Caroline H. Gentry

    Defendants.

_____

**ORDER: (1) DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL AND TO ALTER AND AMEND JUDGMENT (Doc. No. 20); AND (2) RENEWING THE COURT'S PREVIOUS TERMINATION OF THIS CASE ON THE DOCKET**
_____

        This civil case is before the Court on Plaintiff's motion for a new trial and to alter and amend judgment (Doc. No. 20).  Defendants jointly filed a memorandum in opposition (Doc. No. 21), to which Plaintiff replied (Doc. No. 22).  Thus, this motion is ripe for review.

        In a previous order, this Court dismissed Plaintiff's claims against Defendants based on *res judicata* and/or collateral estoppel.  *See* Doc. No. 17.  Now, Plaintiff seeks a new trial and/or an alteration and amendment of the Court's dismissal under Fed R. Civ. P. 59 and 52(b).  Doc. No. 20.

        Fed. R. Civ. P. 59 allows the Court to grant a new trial on some or all legal issues after either a jury or nonjury trial.  The rule also permits parties to petition the Court to alter or amend a judgment.  *See* Fed. R. Civ. P. 59(e).  Rule 52(b) allows the Court to amend its findings, make additional findings, or amend a judgment upon motion of a party.  Fed. R. Civ. P. 52(b).

        The Court sees no reason to amend or alter its findings or judgment.  In its motion, Plaintiff points to no new evidence that would mandate this Court to alter its findings or render a new

decision. *See generally* Doc. No. 20. Nor will the Court grant Plaintiff a new trial; this matter did not warrant a trial in the first place. Plaintiff's motion merely points to the same conclusory allegations – which have already been fully litigated – as its initial complaint. *See generally id.* Therefore, Plaintiff's motion here must be denied for the precise reasons the case was dismissed: this matter is barred by *res judicata* and/or collateral estoppel. *See* Doc. No. 17.

Accordingly, Plaintiff's motion for a new trial and to alter and amend judgment (Doc. No. 20) is **DENIED**. This case remains **TERMINATED ON THE DOCKET**.

**IT IS SO ORDERED.**

Date:  April 17, 2024                              s/Michael J. Newman
                                                                                          Hon. Michael J. Newman
                                                                                          United States District Judge